

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BILLY G. ASEMANI,              ) | |
|                                             ) | |
| Petitioner,         ) | |
|                                             ) | |
| v.                                        ) | Civil Action No. 21-3085 (UNA) |
|                                             ) | |
| SECRETARY, DEPARTMENT OF  ) | |
| HOMELAND SECURITY,        ) | |
|                                             ) | |
| Respondent.      ) | |

## MEMORANDUM OPINION

This matter is before the Court on Billy G. Asemani's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner states that, pursuant to an Order by an Immigration Judge, *see* Pet., Ex. A, he has been ordered removed from the United States to Iran, *see id.* at 2. He contends that the United States may not remove him to Iran, where petitioner would be at risk of being subjected to torture, *see id.*, as evidenced by the Maryland court "judgment against Iran, for having tortured him, and improperly imprisoning him, in the year 2000," *id.*; *see id.*, Ex. B. Petitioner asks this Court to issue an order preventing the Secretary of Homeland Security from executing the removal order. *See id.* at 2.

A federal court may issue a writ of habeas corpus if a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petitioner satisfies the "in custody" requirement if he is detained "under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). It appears that petitioner is serving a 30-year sentence imposed by the Circuit Court for

1

Howard County, Maryland, in 2006 upon petitioner's guilty plea to attempted second-degree murder.  *See Asemani v. Dep't of Homeland Sec., Immigr. & Customs Enf't*, No. 16-cv-4065, 2017 WL 1233803, at *1 (D. Md. Apr. 3, 2017).  Petitioner is not challenging Maryland's authority to detain him, however, and thus he fails to demonstrate that he is "in custody" for purposes of § 2241.  *See Asemani v. U.S. Bureau of Immigr. & Customs Enf't*, No. CV RDB-10-1875, 2010 WL 11602753, at *1 (D. Md. Aug. 9, 2010) ("An alien who is confined pursuant to a criminal conviction, and who is subject to an immigration detainer which seeks notification in advance of release, does not satisfy the custody requirement.").

Petitioner is no more successful in establishing that his current custody is unlawful.  He does not allege that the removal order itself is invalid, and if he had, this Court lacks jurisdiction to entertain the claim.  As petitioner well knows, "[j]urisdiction to review orders of removal are vested exclusively with the courts of appeal." *Asemani v. Mukasey*, No. 08-cv-347, 2008 WL 6581129, at *1 (D. Md. Mar. 11, 2008); *see* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal[.]").

The Court also notes that a habeas action is subject to jurisdictional and statutory limitations.  *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973).  The proper respondent in a habeas corpus action is the petitioner's custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)), who in this case is the Warden of the Eastern Correctional Institution in Westover, Maryland.  This "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

Lastly, the Court notes that petitioner's challenge does not pertain solely to his current custody. Rather, he challenges his removal to Iran upon his release from Maryland's custody. To the extent petitioner is seeking mandamus relief to "compel an officer or employee of the United States or any agency thereof to perform a duty owed" to him, 28 U.S.C. § 1361, the petition must be denied. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). Only if "(1) [petitioner] has a clear right to relief; (2) the [respondent] has a clear duty to act; and (3) there is no other adequate remedy available to [petitioner]," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted. This petitioner does not address these elements and, therefore, fails to demonstrate that mandamus relief is warranted.

The Court will grant petitioner's application to proceed *in forma pauperis* and will dismiss the petition and this civil action without prejudice. An Order is issued separately.

DATE: January 13, 2022                    /s/
                                          CHRISTOPHER R. COOPER
                                          United States District Judge